**2013-1462, -1463**

# United States Court of Appeals
# for the Federal Circuit

RYDEX, LTD.,
*Plaintiff-Appellant,*

v.

FORD MOTOR COMPANY and MAZDA MOTOR OF AMERICA, INC. (doing business as Mazda North American Operations),
*Defendants-Cross Appellants,*

and

TOYOTA MOTOR SALES, U.S.A., INC.,
*Defendant-Cross Appellant,*

and

NISSAN NORTH AMERICA, INC.,
*Defendant-Cross Appellant,*

and

AMERICAN HONDA MOTOR CO., INC. and SUBARU OF AMERICA, INC.,
*Defendants.*

*Appeals from the United States District Court for the Southern District of Texas in case no. 11-CV-0122, Judge Vanessa D. Gilmore.*

## OPPOSITION OF PLAINTIFF-APPELLANT
## TO RULE 38 MOTION

Stamatios Stamoulis
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540
Fax:         (302) 762-1688
Email: stamoulis@swdelaw.com
*Counsel for Appellant*

DECEMBER 30, 2013

# CERTIFICATE OF INTEREST

Counsel for Plaintiff-Appellant Rydex, Ltd. certifies the following:

1. The full name of every party or amicus represented by me is:

    __Rydex, Ltd.__

2. The name of the real part in interest (if the party named in the caption is not the real party in interest) represented by me is:

    __None__

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

    None

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

    Stamatios Stamoulis
    Richard C. Weinblatt
    STAMOULIS & WEINBLATT LLC
    Two Fox Point Centre
    6 Denny Road, Suite 307
    Wilmington, DE 19809
    Tel: 302-999-1540
    Email: stamoulis@swdelaw.com
    Email: weinblatt@swdelaw.com

Dated: December 30, 2013

/s/ Stamatios Stamoulis
Stamatios Stamoulis

# INTRODUCTION

Defendants-Cross Appellants Toyota Motor Sales, U.S.A., Inc. and Nissan North America, Inc. (collectively, "Toyota-Nissan")[1] filed a motion pursuant to Rule 38 of the Federal Rules of Appellate Procedure (hereinafter "Rule 38") alleging that the appeal in this matter taken by Plaintiff-Appellant Rydex, Ltd. ("Rydex") was both frivolously filed and argued. Rydex disagrees with Toyota-Nissan and responds as follows.

## I.    Rydex's Appeal Is Not Frivolous

Toyota-Nissan set forth two primary arguments in support of their Rule 38 Motion: (1) Rydex has taken a position in its Opening Appellate Brief ("Opening Brief") that is inconsistent with what it argued during the *Markman* Hearing before the District Court; and (2) Rydex failed to address certain case law in its Opening Brief. Toyota-Nissan's position on both points is factually and legally wrong, and is premised on an incomplete and misleading interpretation and application of the facts from the District Court case.

First, Rydex did not take a position in its Opening Brief that is inconsistent with what was argued at the *Markman* Hearing; Rydex also did not "abandon" any arguments at the *Markman* Hearing. Toyota-Nissan's allegations to the

---

[1] Indicative of the lack of merit to Toyota-Nissan's motion, the other Defendant-Cross Appellants in this action – Ford Motor Company and Mazda Motor Company of North America – have not joined the Rule 38 Motion filed by Toyota-Nissan.

contrary are based on a fundamental misunderstanding of Rydex's argument. At *Markman*, Rydex's counsel explained its use of Claims 39 and 40 of U.S. Patent No. 5,204,819 ("'819 patent") in its *Markman* briefing:

> There are only a few additional terms found in Claims 39 and 40 that are going to be construed today. And Rydex's Claim Construction does not rely specifically on Claims 39 and 40 for those constructions. The only reason Claims 39 and 40 really come up are as rebuttal to defendants' arguments when defendants are improperly trying to limit the proposed constructions.

(JA A1133 at Lines 11-18). Rydex's position with regard to Claims 39 and 40 has never changed. Rydex's position in its *Markman* Briefing, at the *Markman* Hearing, and in its Opening Brief has always been the same: Claims 39 and 40 serve as an example to inform how the preamble of Claim 22 should be construed based on the intrinsic evidence. More specifically, the mere fact that Claims 39 and 40 issued is evidence that the USPTO agreed with Rydex that the use of the term "container" in the preamble of Claim 22 was inherently broad enough to include fuel lines. As Rydex explained in its Opening Brief:

> The drafting and allowance of these claims show there was never disavowed[ment] [of] this embodiment. Claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims. It is not an opportunity to limit the claims to a single, preferred embodiment.

(Opening Br. at 17, internal citations omitted). Indeed, at the *Markman* Hearing,

2

Defendants-Cross Appellants conceded that fuel lines can "contain" fuel for an indefinite period of time. (See JA 1180-1181 at 119:24-120:30). At the *Markman* Hearing, Rydex's trial counsel attempted to explain to the District Court why the USPTO's decision is confirmation that Rydex's construction is proper:

> They are trying to limit the terms and the patent to one specific embodiment. They want us to go no further, no matter what. And that's improper. The PTO has already looked at it. They have decided it's okay. I understand that you're looking at it more closely and as you said, you are much more bright than the PTO, but that is some evidence that this is not problematic.
>
> We announced to PTO that we're doing this to overcome prior art, and they agreed. And there is case law also saying that Section 305 doesn't even require that the patentee expressly state that the new claims are there to distinguish over the prior art, although in our case, as you actually saw, we did state that, and the PTO absolutely agreed with us.

(JA 1202 at Lines 7-21). Rydex made the exact same argument in its Opening Brief:

> In a reexamination process, the PTO considers whether new claims are broader than the original claims, as well as whether or not there is support for the new claims in the specification. Therefore, this issue has already been initially decided by the PTO. During the reexamination process, Rydex cited to support in the specification for the new claims. Specifically, Rydex pointed to column 3, lines 41–50; Fig. 2; column 2, lines 15–20; column 5, lines 25–35; column 6, lines 19–25; column 17 lines 1–39 and elsewhere.

3

> At no time during the process did the PTO voice any objections to the new claims improperly broadening any claims or improperly adding new material.

(Opening Br. at 26). Thus, the use of Claims 39 and 40 in Rydex's Opening Brief is completely consistent with the position Rydex took in its *Markman* Briefing and at the *Markman* Hearing.

Further, this position is precisely why Rydex did not address *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368 (Fed. Cir. 2009) in its Opening Brief. The *ICU Medical* case is simply inapplicable to the facts of this case because Rydex is not relying on later added dependent claims for the construction of independent Claim 22. Rydex is instead using the fact that Claims 39 and 40 issued for the purpose of showing that the USPTO agrees with Rydex's reading of the preamble of Claim 22. The USPTO is fully aware of 35 U.S.C. § 305 and would not have issued Claims 39 and 40 if it did not believe that the use of the term "fluid container" in the preamble of Claim 22 was inherently broad enough to encompass fuel lines. The *ICU Med.* case did not involve a patent that went through a reexamination where the USPTO was deciding whether the addition of claims was proper under Section 305. Further, the proper construction of "fluid container" does not depend on Claims 39 and 40. It depends on the application of common sense. As explained during the *Markman* Hearing:

4

> I think that that's - - fuel lines happen to be the topic that we're discussing because of the dependent claims, but I think fluid container encompasses many, many things. It's a container for holding fluid. It encompasses a lot of things that we didn't talk about in the patent and a lot of things that we didn't talk about today or in the brief, and that only comes up in the brief because it is one of the claims. But, I mean, clearly, the cup sitting on your desk is a fluid container. He just told us this cup is a fluid container. That's what defense counsel said.
>
> Now, is that in our patent? No. Is it an absolutely valid definition of fluid container? Yes. But the reason why fuel lines comes up is that if the last dependent claim had been the fluid container is a cup sitting on the side of the road, then we would be talking about cups today. But I don't think anyone would dispute that a cup is a fluid container. The reason why it's come up in our brief and today is because it is one of the dependent claims, but I don't think that our definition of fluid container is dependent on that. I mean, a fluid container encompasses fuel lines, just like it encompasses many other things. It's a broad term. And it shouldn't be narrowed just because defense counsel has decided that they don't like one of the definitions that has been applied to it.

(JA 1200-1201 at 139:16-140:17). Rydex did not take a position in its Opening Brief that is inconsistent with what was argued during the *Markman* Hearing before the District Court. And Rydex is not improperly relying on dependent claims for the construction of an independent claim. The District Court's summary denial of Defendants-Cross Appellants' Rule 11 motion is further evidence that Rydex's arguments – while ultimately not successful before the District Court – were neither unreasonable nor undertaken without the slightest

5

chance of success. Rydex's appeal is likewise neither frivolously argued nor frivolously filed, and Toyota-Nissan's Rule 38 Motion should be denied.

## II. Toyota-Nissan Concealed Facts From The Court

Both Eric W. Schweibenz (appellate counsel for Toyota) and Jefferey S. Patterson (appellate counsel for Nissan) were counsel of record in the case below and both entered appearances at the *Markman* Hearing. They were present when all of the above was presented to the District Court and they should have been fully familiar with the facts recited above. Yet they did not bring any of the foregoing statements to the attention of this Court in their Rule 38 Motion. Instead, they brazenly argued that Rydex "abandoned" an argument during *Markman* (Rule 38 Opening Brief at 2, 4 and 7) and yet do not provide the Court with a single cite to the record showing where Rydex allegedly conceded to the "abandonment" of an argument. The full record recited above proves that Rydex did not "abandon" anything at the *Markman* Hearing – that Rydex instead explained to the District Court that its arguments based on Claims 39 and 40 were entirely proper, but were being misconstrued by Defendants. The arguments put forth by Toyota-Nissan are factually inaccurate and seek to mislead this Court.

## **CONCLUSION**

For all the reasons set forth above, Toyota-Nissan's Rule 38 Motion should be denied.

Dated: December 30, 2013

          Respectfully submitted,

          /s/ Stamatios Stamoulis
          Stamatios Stamoulis
          Richard C. Weinblatt
          STAMOULIS & WEINBLATT LLC
          Two Fox Point Centre
          6 Denny Road, Suite 307
          Wilmington, DE 19809
          Telephone: (302) 999-1540
          Fax:            (302) 762-1688
          Email: stamoulis@swdelaw.com
          *Counsel for Plaintiff-Appellant*
          *Rydex, Ltd.*

# United States Court of Appeals for the Federal Circuit

*RYDEX, LTD. v FORD MOTOR COMPANY,* 2013-1462, -1463

## CERTIFICATE OF SERVICE

I, Elissa Matias, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by STAMOULIS & WEINBLATT LLC, Attorneys for Appellant to print this document. I am an employee of Counsel Press.

On **December 30, 2013**, Counsel for Appellant has authorized me to electronically file the foregoing **OPPOSITION OF PLAINTIFF-APPELLANT TO RULE 38 MOTION** with the Clerk of Court using the CM/ECF System, which will serve via e-mail notice of such filing to any of the following counsel registered as CM/ECF users:

Eric Allan Buresh
Jason R. Mudd
Erise IP
6201 College Blvd, Suite 300
Overland Park, KS 66211
913-777-5600
eric.buresh@eriseIP.com
jason.mudd@eriseip.com
*Counsel for Cross-Appellants Ford Motor Company and Mazda Motor of America, Inc.*

Eric W. Schweibenz
Richard D. Kelly
Robert C. Mattson
Oblon, Spivak, McClelland, Maier & Neustadt, LLP
1940 Duke Street
Alexandria, VA 22314
703-413-3000
eschweibenz@oblon.com
rkelly@oblon.com
rmattson@oblon.com
*Counsel for Cross-Appellant Toyota Motor Sales, U.S.A., In*c.

Christopher Todd Handman
Hogan Lovells US LLP
Firm: 202-637-5600
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
202-637-5719
chris.handman@hoganlovells.com
*Counsel for Cross-Appellants*
*Ford Motor Company and*
*Mazda Motor of America, Inc.*

Jeffrey Scott Patterson
Hartline Dacus Barger Dreyer LLP
6688 North Central Expressway
Suite 1000
Dallas, TX 75206
214-346-3701
jpatters@hdbdk.com
*Counsel for Cross-Appellant*
*Nissan North America, Inc.*

December 30, 2013

/s/ Elissa Matias
Counsel Press

9