**No. 2013-1462, -1463**

IN THE
# United States Court of Appeals for the Federal Circuit

RYDEX, LTD.,
                                      Plaintiff-Appellant,

v.

FORD MOTOR COMPANY and MAZDA MOTOR OF AMERICA, INC.
(doing business as Mazda North American Operations),
                                      Defendants-Cross Appellants,

and

TOYOTA MOTOR SALES, U.S.A., INC.,
                                      Defendant-Cross Appellant,

and

NISSAN NORTH AMERICA, INC.,
                                      Defendant-Cross Appellant,

and

AMERICAN HONDA MOTOR CO., INC. and SUBARU OF AMERICA, INC.,
                                      Defendants.

Appeals from the United States District Court for the Southern District of Texas in Case No. 11-CV-0122, Judge Vanessa D. Gilmore.

**MOTION OF DEFENDANTS-CROSS APPELLANTS FORD MOTOR COMPANY AND MAZDA MOTOR OF AMERICA JOINING DEFENDANTS-CROSS APPELLANTS TOYOTA MOTOR SALES U.S.A. AND NISSAN NORTH AMERICA'S MOTION FOR SANCTIONS**

| | |
|---|---|
| Eric A. Buresh | Christopher T. Handman |
| Jason R. Mudd | Hagan C. Scotten |
| ERISE IP, P.A. | HOGAN LOVELLS US LLP |
| 6201 College Boulevard, Suite 300 | 555 Thirteenth Street, N.W. |
| Overland Park, KS 66211 | Washington, D.C. 20004 |
| (913) 777-5600 | (202) 637-5600 |
| | *Counsel for Defendants-Cross Appellants Ford Motor Company* |
| Dated: April 9, 2014 | *and Mazda Motor of America, Inc.* |

On December 16, 2013, Defendants-Cross Appellants Toyota Motor Sales, U.S.A., and Nissan North America moved this Court for an award of sanctions under Federal Rule of Appellate Procedure 38 against Plaintiff-Appellant Rydex. *See* Dkt. Entry 53-1. Defendants-Cross Appellants Ford Motor Company and Mazda Motor of America now join that motion.[1]

Although Ford and Mazda have always believed that this appeal lacks any objective basis, neither company pursues sanctions lightly. We thus did not wish to move for Rule 38 sanctions until briefing in the underlying appeal concluded, to ensure that Rydex's appeal was truly frivolous. Now that all the briefing is in, the case for such sanctions is overwhelming.

Rydex's reply brief, in particular, confirmed that this appeal lacks any reasonable grounds. *See Finch* v. *Hughes Aircraft Co.*, 926 F.2d 1574, 1579 (Fed. Cir. 1991) (argumentation of an appeal may render it frivolous or confirm its already frivolous nature). For example, Rydex's principal brief made no effort to explain how someone skilled in the art could possibly accept its claim constructions after reading the entire patent in question. That, however, is the basic test for claim construction under this Court's seminal holding in *Phillips* v.

---

[1] Rydex has already submitted an opposition to the motion brought by Toyota and Nissan; counsel for Rydex has indicated that it likewise objects to this motion and will file a response.

*AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc). Defendants pointed this out—several times—in their response brief (at 17, 25, 30-31, 40-41). Yet Rydex's reply ignored the established test to the last, arguing instead that broad dictionary definitions of the claim terms might encompass its constructions, even though this Court, applying *Phillips*, has consistently rejected such arguments. *See, e.g.*, *O2 Micro Int'l Ltd.* v. *Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008); *Every Penny Counts, Inc.* v. *Am. Express Co.*, 563 F.3d 1378, 1382-83 (Fed. Cir. 2009). There can now be little doubt that Rydex's claims are " 'contrary to established law and unsupported by a reasoned, colorable argument for a change in the law.' " *Finch*, 926 F.2d at 1579 (quoting *Coleman* v. *Commissioner,* 791 F.2d 68, 71 (7th Cir.1986)).

Rydex's reply not only confirmed the baseless nature of this appeal, it also affirmatively undermined Rydex's already crumbling arguments against sanctions. In its opposition to Toyota and Nissan's Rule 38 motion, Rydex assured this Court that its claim construction arguments concerning claim 22 do not rely on later-added (and now invalidated) dependent claims 39 and 40. *See* Opp. at 4 ("Rydex is not relying on later added dependent claims for the construction of independent Claim 22."). Rydex's later-filed reply brief then went right back to the theory it had just forsaken, expressly asserting that the District Court's constructions cannot be correct because they exclude claim 39. *See* Rydex Reply Br. 7. Ford and

Mazda are now compelled to agree with what Toyota and Nissan have said from the beginning: Rydex is simply playing a "shell game" as to which arguments it might actually be advancing on appeal. Dkt. Entry 59-1 at 4.

For the foregoing reasons, Ford and Mazda respectfully join Defendants' request that this Court award sanctions under Rule 38 against Rydex, and hold its attorney Stamatios Stamoulis and his law firm Stamoulis & Weinblatt LLC jointly and severally liable for payment of such sanctions.

Dated: April 9, 2014

Eric A. Buresh
Jason R. Mudd
ERISE IP, P.A.
6201 College Boulevard, Suite 300
Overland Park, KS 66211
(913) 777-5600

Respectfully submitted,

/s/ Christopher T. Handman
Christopher T. Handman
Hagan Scotten
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600

*Counsel for Defendants-Cross Appellants Ford Motor Company and Mazda Motor of America, Inc.*

# CERTIFICATE OF INTEREST

Counsel for Ford Motor Company and Mazda Motor of America certifies the following:

1. The full name of every party represented by me is: **Ford Motor Company**; **Mazda Motor of America**, d/b/a Mazda North American Operations.

2. The real parties in interest represented by me are: **Ford Motor Company**; **Mazda Motor of America**, d/b/a Mazda North American Operations.

3. All parent corporations and any publicly held companies that own 10% or more of the stock of the parties I represent are as follows:

Ford Motor Company states that it does not have a parent corporation. State Street Corporation, a publicly traded company has a subsidiary, State Street Bank and Trust Company, which operates as the trustee for Ford common stock in the Ford defined-contribution plans master trust and has disclosed in filings with the U.S. Securities and Exchange Commission that as of December 31, 2013, it holds 10% or more of Ford's stock.

Mazda Motor of America is a wholly owned subsidiary of Mazda Motor Corporation, which is a publicly held corporation.

4. The names of all law firms and partners or associates that appeared for the parties represented by me in the trial court or that are expected to appear in this court are: **Hogan Lovells US LLP**: Christopher T. Handman, Hagan C. Scotten.

**Erise IP, P.A.**: Eric A. Buresh, Jason R. Mudd, Ajay A. Sharma.  **Shook, Hardy & Bacon LLP**: Matthew C. Broaddus.  **McGuireWoods LLP**: Thomas M. Farrell.

| | |
|---|---|
| Dated:  April 9, 2014 | /s/ Christopher T. Handman<br>Christopher T. Handman |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of April 2014, I caused a copy of this motion to be served by electronic means via the Court's CM/ECF system on all counsel registered to receive electronic notices.

/s/ Christopher T. Handman
Christopher T. Handman
