**2013-1462, -1463**

# United States Court of Appeals for the Federal Circuit

RYDEX, LTD.,
*Plaintiff-Appellant,*

*v.*

FORD MOTOR COMPANY and MAZDA MOTOR OF AMERICA, INC. (doing business as Mazda North American Operations),
*Defendants-Cross Appellants,*

*and*

TOYOTA MOTOR SALES, U.S.A., INC.,
*Defendant-Cross Appellant,*

*and*

NISSAN NORTH AMERICA, INC.,
*Defendant-Cross Appellant,*

*and*

AMERICAN HONDA MOTOR CO., INC. and SUBARU OF AMERICA, INC.,
*Defendants.*

*Appeals from the United States District Court for the Southern District of Texas in case no. 11-CV-0122, Judge Vanessa D. Gilmore.*

## OPPOSITION OF PLAINTIFF-APPELLANT TO RULE 38 MOTION

Stamatios Stamoulis
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540
Fax:            (302) 762-1688
Email: stamoulis@swdelaw.com
*Counsel for Appellant*

MAY 14, 2014

# INTRODUCTION

Defendants-Cross Appellants Ford Motor Company and Mazda Motor Company of North America (collectively "Ford-Mazda") filed a motion pursuant to Rule 38 of the Federal Rules of Appellate Procedure (hereinafter "Rule 38") alleging that the appeal in this matter taken by Plaintiff-Appellant Rydex, Ltd. ("Rydex") was both frivolously filed and argued. Ford-Mazda's arguments are a substantial rehashing of the incorrect positions and conclusions already set-forth by the other cross-appellants. Accordingly, Rydex disagrees with Ford-Mazda and responds as follows.

## I. Rydex's Arguments Have Been Consistent

The other cross-appellants in this matter, Toyota Motor Sales, U.S.A., Inc. and Nissan North America, Inc. (collectively, "Toyota-Nissan"), previously filed a Rule 38 sanctions motion that was not joined by Ford-Mazda. In their Rule 38 motion, Toyota-Nissan erroneously argued that Rydex was advancing arguments in its appellate brief that were abandoned at *Markman*. In its opposition to the Toyota-Nissan sanctions motion, Rydex clearly and unambiguously demonstrated that Rydex's arguments in its appellate brief are consistent with Rydex's arguments and positions taken at the *Markman* hearing

and provided the Court with direct quotes from both its appellate brief and the *Markman* transcript showing that Rydex's arguments were undeviating.[1]

Rydex also explained in its opposition to the Totoya-Nissan Rule 38 Motion that it was not relying on dependent claims 39 and 40 and a strict application of the claim differentiation doctrine for its construction of Claim 22. Instead, Rydex showed that its reliance is on the USPTO's decision to issue claims 39 and 40 to support that its construction of Claim 22's preamble is proper.

Ford-Mazda now alleges that Rydex's Reply Brief has gone back to an argument based on a hard and fast application of the claim differentiation doctrine. This is not the case. In its Reply Brief, Rydex wrote:

> The District Court again vitiates the heavy presumption of ordinary meaning. Similar to the incorrectness with the construction of "fluid container," the claims should not be limited by importing limitations from a single, specific embodiment. Issued claim 39 expressly states that the fluid container comprises fuel lines leading to an engine of the vehicle, indicating that the fluid delivery system in that embodiment is entirely internal and not coming from an external source. **The USPTO determined that this claim, which was subject to the heighted scrutiny of being added during a reexamination, was supported by the specification and was a proper, narrowing, dependent claim.**

---

[1] Indeed, in its *Markman Order*, the District Court addressed and ultimately disagreed with the Rydex argument that Toyota-Nissan claimed was abandoned at *Markman*. (JA 20-21). Had Rydex actually abandoned this argument, the District Court would not have ruled on it – thus totally undermining Toyota-Nissan's abandonment argument.

Rydex Reply Br. at 7 (emphasis added). Thus, Rydex is continuing to rely on the same argument that it has advanced since *Markman* – the USPTO's decision to allow claims 39 and 40 is evidence that Rydex's interpretation of the term "container" in Claim 22 is correct.

## II. **Rydex May Rely on Ordinary Meaning**

Ford-Mazda also raise a new theory for sanctions in their Rule 38 motion: that Rydex's appeal is frivolous because it did not present evidence of ordinary skill in the art and instead relied on plain meaning for its construction of the term "container." Ford-Mazda cite to *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) for the proposition that Rydex was obligated to establish "how someone skilled in the art could possibly accept its claim constructions after reading the entire patent in question." Ford-Mazda Rule 38 Motion at 2. In *Phillips*, however, this Court ruled that: "In some cases, the ordinary meaning of claim language . . . may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Id.* at 1314.

Rydex's argument is that a fluid container is something that can contain fluid. Rydex contends that the meaning of the term "container" is so readily ascertainable that no evidence relating to the ordinary skill in the art at the time the patent issued is needed in order to construe the term "container." It has

4

relied on dictionary definitions in a manner expressly permitted by the Court's precedent. *See Atofina v. Great Lakes Chem. Corp.*, 441 F.3d 991, 996 (Fed. Cir. 2006) (citing *Phillips* and holding that "one may look to technical dictionaries for assistance in determining that term's meaning to a person of ordinary skill in the art."); *Pressure Products Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1314-15 (Fed. Cir. 2010) ("A court should also consider the patent's prosecution history and may rely on dictionary definitions, "so long as the dictionary definition does not contradict any definition found in or ascertained by a reading of the patent documents.) (internal citations omitted). The intrinsic evidence supports Rydex's advanced construction, and nothing in *Phillips* prevents Rydex from advancing the argument it has made. Defendants' contention that Rydex must rely on expert evidence of ordinary skill in the art is baseless.[2] Regardless of whether the Court agrees or disagrees with the merits of Rydex's position, Rydex's argument is certainly not sanctionable. Ford-Mazda's Motion should therefore be denied in its entirety.

---

[2] Indeed, Defendants, who needed to overcome a presumption of validity and prove the invalidity of claims 39 and 40 by clear and convincing evidence, did not introduce any expert evidence of ordinary skill in the art in their *Markman* briefs or during the *Markman* hearing. The District Court, however, did not give any deference to the USPTO's decision to allow claims 39 and 40, thus incorrectly placing the burden of proving validity on Rydex and committing clear error. (JA 22).

## **CONCLUSION**

For all the reasons set forth above, Ford-Mazda's Rule 38 Motion should be denied.

Dated: May 14, 2014                    Respectfully submitted,

 

_____
Stamatios Stamoulis
Richard C. Weinblatt
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540
Fax:            (302) 762-1688
Email: stamoulis@swdelaw.com
*Counsel for Plaintiff-Appellant*
*Rydex, Ltd.*

## CERTIFICATE OF INTEREST

Counsel for Plaintiff-Appellant Rydex, Ltd. certifies the following:

1. The full name of every party or amicus represented by me is:

    __Rydex, Ltd.__

2. The name of the real part in interest (if the party named in the caption is not the real party in interest) represented by me is:

    __None__

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

    None

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

    Stamatios Stamoulis
    Richard C. Weinblatt
    STAMOULIS & WEINBLATT LLC
    Two Fox Point Centre
    6 Denny Road, Suite 307
    Wilmington, DE 19809
    Tel: 302-999-1540
    Email: stamoulis@swdelaw.com
    Email: weinblatt@swdelaw.com

Dated: May 14, 2014

_____
Stamatios Stamoulis

# United States Court of Appeals for the Federal Circuit

*RYDEX, LTD. v FORD MOTOR COMPANY,* 2013-1462, -1463

## CERTIFICATE OF SERVICE

I, John C, Kruesi, Jr., being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by STAMOULIS & WEINBLATT LLC, Attorneys for Appellant to print this document. I am an employee of Counsel Press.

On **May 14, 2014**, Counsel for Appellant has authorized me to electronically file the foregoing **Opposition** with the Clerk of Court using the CM/ECF System, which will serve via e-mail notice of such filing to any of the following counsel registered as CM/ECF users:

| | |
|---|---|
| Eric Allan Buresh (principal counsel) Jason R. Mudd Erise IP 6201 College Blvd, Suite 300 Overland Park, KS 66211 913-777-5600 eric.buresh@eriseIP.com jason.mudd@eriseip.com *Counsel for Cross-Appellants Ford Motor Company and Mazda Motor of America, Inc.* | Eric W. Schweibenz (principal counsel) Richard D. Kelly Robert C. Mattson Oblon, Spivak, McClelland, Maier & Neustadt, LLP 1940 Duke Street Alexandria, VA 22314 703-413-3000 eschweibenz@oblon.com rkelly@oblon.com rmattson@oblon.com *Counsel for Cross-Appellant Toyota Motor Sales, U.S.A., In*c. |

| | |
|---|---|
| Jeffrey S. Patterson<br>(principal counsel)<br>Hartline Dacus Barger Dreyer LLP<br>6688 North Central Expressway<br>Suite 1000<br>Dallas, TX 75206<br>214-346-3701<br>jpatters@hdbdk.com<br>*Counsel for Cross-Appellant Nissan North America, Inc.* | Hagan C. Scotten<br>Hogan Lovells US LLP<br>875 Third Avenue<br>New York, NY 10022<br>212-918-3000<br>hagan.scotten@gmail.com<br>*Counsel for Cross-Appellants Ford Motor Company and Mazda Motor of America, Inc* |
| May 14, 2014 | /s/ John C. Kruesi, Jr.<br>John C. Kruesi, Jr.<br>Counsel Press |

9